UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X   Case No.: 14-cv-01521
                                                                JBW-VMS
SARAH BROWN,
                                                                **FIRST AMENDED**
             Plaintiff,                          **COMPLAINT**

        - against -                                 **PLAINTIFF DEMANDS**
                                                                **A TRIAL BY JURY**
SECURITAS SECURITY SERVICES USA, INC., NAI
LONG ISLAND, PORTICO AT GREAT NECK
CONDOMINIUM, and ELVIN MURRILLO *Individually*,

             Defendants.
------------------------------------------------------------X

      Plaintiff, SARAH BROWN, by her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of Defendants, upon information and belief, as follows:

### NATURE OF THE CASE

1.  Plaintiff brings this action against Defendants pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII") and the New York State Executive Law §296, et. seq. ("NYSEL"), seeking damages to redress the injuries she has suffered as a result of being **sexually harassed, sexually assaulted and battered, discriminated against,** and **retaliated against** by her employer solely due to her **gender (female)**.

### JURISDICTION AND VENUE

2.  Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

3.  This Court has supplemental jurisdiction over the claims of Plaintiff brought under state

1

law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district, pursuant to 28 U.S.C. §1391(b)(1), based upon Defendants' residencies within the counties of Nassau and Suffolk within the Eastern District of New York.

5. Venue is proper in this district, pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events giving rise to this claim occurred within the County of Nassau within the Eastern District of New York

## PROCEDURAL PREREQUISITES

6. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

7. Plaintiff received a Notice of Right to Sue from the EEOC, dated February 5, 2014, with respect to the herein charges of discrimination.

8. This Action has been commenced within 90 days of receipt of said Right to Sue.

## PARTIES

9. At all times relevant hereto, Plaintiff SARAH BROWN ("BROWN") is a resident of the State of New York, County of Nassau.

10. At all times relevant hereto, Defendant SECURITAS SECURITY SERVICES USA, INC. ("SECURITAS") was a foreign business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal executive office located at 4330 Park Terrace Drive, Westlake Village, CA 91361.

11. Upon Information and belief, at all times relevant hereto, Defendant NAI LONG ISLAND, (NAI), doing business at 3 Huntington Quadrangle, Suite 307N, Melville, NY United States 11747 owned and/or operated "Portico at Great Neck Condominium," a

residential condominium complex located at 36 Bond Street, Great Neck, New York 11021 ("Portico").

12. Upon Information and belief, at all times relevant hereto, Defendant PORTICO AT GREAT NECK CONDOMINIUM ("PORTICO CONDOMINIUM") owned and/ or operated "Portico at Great Neck Condominium," a residential condominium complex located at 36 Bond Street, Great Neck, New York 11021 ("Portico")

13. Upon information and belief, at all times relevant hereto, Defendants NAI and PORTICO CONDOMINIUM were joint employers of the Plaintiff and Defendant MURRILLO and were empowered to set the terms and conditions of the Plaintiff and Defendant MURRILLO's employment.

14. At all times relevant hereto, Defendant SECURITAS managed security for NAI and PORTICO CONDIMINIUM at the Portico location.

15. At all times relevant hereto, Plaintiff BROWN was a full-time employee of Defendant SECURITAS and worked at the Portico location.

16. Upon information and belief, at all times relevant hereto, Defendant ELVIN ("MURRILLO") was and is a resident of the State of New York.

17. At all times relevant hereto, Defendant MURRILLO was an employee of Defendants NAI and PORTICO CONDOMINIUM, and worked at the Portico location.

18. At all times relevant hereto, Defendant MURRILLO was Plaintiff BROWN's onsite supervisor, and had supervisory authority over Plaintiff BROWN.

19. Defendant SECURITAS SECURITY, Defendant NAI, Defendant PORTICO CONDOMINIUM and Defendant MURRILLO are collectively referred to herein as "Defendants."

3

## MATERIAL FACTS

20. On or about January 7, 2013, Plaintiff BROWN began working for Defendant SECURITAS full time as a "Security Officer" at the Portico location, earning $11 per hour.

21. **However, almost immediately after Plaintiff BROWN began her employment with Defendants, Defendant MURRILLO began consistently and continuously sexually harassing and discriminating against Plaintiff BROWN solely due to her gender (female).**

22. By way of example, on or about January 23, 2013, Defendant MURRILLO told Plaintiff BROWN to **"mamma los huevos," which she understood to mean "suck my dick."**

23. Plaintiff BROWN felt disgusted and horrified that Defendant MURRILLO, her immediate supervisor, would make such offensive comments to her.

24. Plaintiff BROWN immediately objected to Defendant MURRILLO's behavior.

25. However, Defendant MURRILLO ignored Plaintiff BROWN's objections, and instead continued to try to teach her Spanish phrases such as "mamammala Chochitas," which Plaintiff was told meant, "eat my pussy."

26. Furthermore, Defendant MURRILLO established a pattern of inappropriate and increasingly offensive conduct through Plaintiff BROWN's employment.

27. By way of example, on or about January 30, 2013, while Plaintiff BROWN was in the gatehouse bathroom, Defendant MURRILLO approached her, and told her that he **"wants to make [Plaintiff BROWN] feel good," while placing his hand on Plaintiff BROWN's** lower thigh. Again, Plaintiff BROWN immediately objected to Defendant MURRILLO's behavior, telling him they would, "only be coworkers and never anything

more."

28. Unfortunately, Plaintiff BROWN's explicit rebuke did nothing to dissuade Defendant MURRILLO. Immediately thereafter, he then attempted to hug Plaintiff BROWN, telling her repeatedly that he "**wants to make [her] feel good**" while she struggled to free herself from his grasp. Once free of Defendant MURRILLO's grasp, Plaintiff BROWN told Defendant MURRILLO she intended to report his sexually harassing and offensive conduct to Defendant SECURITAS.

29. However, the idea of being reported to Defendant SECURITAS did not dissuade Defendant MURRILLO from continuing his pattern of sexual harassment.

30. **On or about February 1 2013, Plaintiff BROWN received a text message from Defendant MURRILLO containing a video of a man playing with his penis, which upon information and belief is Defendant MURRILLO playing with his own penis.**

31. Disgusted and outraged, Plaintiff BROWN immediately reported Defendant MURRILLO's conduct to another supervisor, Susan Cirrone. Ms. Cirrone assured Plaintiff BROWN that she would be placed at another full time site within a week.

32. Despite Ms. Cirrone's promise that Plaintiff BROWN would be placed at another site within a week, Defendant SECURITAS failed to place Plaintiff in a suitable full-time replacement position, only offering Plaintiff BROWN positions that were either part time, impracticably far away from Plaintiff BROWN's residence, or otherwise inappropriate.

33. **In fact, Plaintiff BROWN's new assignment is only for part-time work (approximately 16 hours per week), a substantial downgrade from her former full time position.**

34. Plaintiff BROWN was removed from her full time position with Defendants solely

because of Defendant MURRILLO's lewd and offensive sexual conduct, and her complaint of sexual harassment.

35. **Upon information and belief, Defendants have wholly failed to remediate the hostile working environment, appropriately discipline Defendant MURRILLO and, instead have chosen to constructively terminate Plaintiff BROWN from her employment with Defendants**

36. Plaintiff BROWN has been unlawfully discriminated against, retaliated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

37. **Defendants' actions and conduct were intentional and intended to harm Plaintiff BROWN.**

38. The above are just some of the acts of discrimination and disparate treatment that Plaintiff BROWN experienced on a regular and continual basis while employed by Defendants.

39. As a result of Defendants' actions, Plaintiff BROWN feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

40. As a result of the acts and conduct complained of herein, Plaintiff BROWN has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

41. As a result of the above, Plaintiff BROWN has been damaged in an amount in excess of the jurisdiction of the Court.

42. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff BROWN demands Punitive Damages as against

6

all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

44. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendant. Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (sexual harassment).

45. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her gender.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

47. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

48. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges

7

of employment because of her opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

49. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully she herein at length.

50. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

51. Defendants violated the section cited herein as set forth.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

52. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

53. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice for "any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

54. Defendants violated the section cited herein as set forth.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

55. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

56. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice for "any person to aid, abet, incite, compel, or coerce the doing of any acts forbidden under this article, or attempt to do so."

57. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## AS A SIXTH CAUSE OF ACTION FOR
## ASSAULT AND BATTERY

58. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

59. Defendants' sexual assault and batteries of Plaintiff amounted to a series of harmful and offensive contacts to Plaintiff's person, all of which were done intentionally by Defendants without Plaintiff's consent.

60. As a direct and proximate result of the aforementioned assault and batteries, Plaintiff has sustained in the past, and will sustain in the future, physical injury, pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment and humiliation.

61. As a direct and proximate result of the aforementioned batteries, Plaintiff has been unable to pursue her usual activities due to her physical, psychological, and emotional injuries

9

and damage.

## JURY DEMAND

62. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII and the New York State Executive Law, in that Defendants sexually assaulted and battered, sexually harassed, discriminated against, and retaliated against Plaintiff on the basis of her gender;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and,

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
April 17, 2013

> PHILLIPS & ASSOCIATES,
> ATTORNEYS AT LAW, PLLC
>
> _____
> Edward Kennedy  EK 1633
> Jesse C. Rose
>     Of Counsel
> *Attorneys for Plaintiff*
> 45 Broadway, Suite 620
> New York, NY 10006
> P: (212) 248-7431
> F: (212) 901-2107